## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH R. GALLEGOS,<br>Appellant, | DOCKET NUMBER<br>DA-0752-01-0157-C-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>Agency. | DATE: March 24, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Greg T. Rinckey, Esquire, Albany, New York, for the appellant.

James E. Simpson, Washington, D.C., for the agency.

Nelson Cabrera, Rockville, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement as untimely filed. Generally, we grant petitions such as this one only when:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2          The agency removed the appellant and under the terms of the parties' agreement settling the appellant's subsequent appeal, the agency agreed, in pertinent part, to substitute the removal with a voluntary resignation, and the appellant agreed that he would indicate on the associated request for personnel action that he did so effective September 29, 2000, because he was "unable for personal reasons to relocate to San Antonio, Texas." *Gallegos v. Department of Health & Human Services*, MSPB Docket No. DA-0752-01-0157-I-1, Initial Appeal File, Tab 14. The initial decision dismissed the appeal as settled and informed the parties that it would become the Board's final decision in that appeal unless a petition for review was filed with the Clerk of the Board on or before April 27, 2001. *Gallegos v. Department of Health & Human Services*, MSPB Docket No. DA-0752-01-0157-I-1, Initial Decision (Mar. 23, 2001). Because neither party did so, the initial decision became the Board's final decision in this matter. *See* 5 C.F.R. § 1201.113.

¶3          The appellant filed a December 2014 petition for review of the March 2001 initial decision but, after receiving proper notice, he failed to file the requisite

sworn motion regarding the timeliness of his petition for review, *see* 5 C.F.R. § 1201.114(g), and the Board consequently dismissed his petition for review as untimely filed without good cause shown for the delay, *Gallegos v. Department of Health & Human Services*, MSPB Docket No. DA-0752-01-0157-I-1, Final Order (Mar. 13, 2015). The Board found the appellant's petition for review was filed more than 13 years late and noted that, even if the appellant had properly responded to the Clerk of the Board's instructions to file a sworn motion, the evidence he proffered concerned a reassignment effected more than 2 years prior to the events that resulted in the settlement agreement at issue and therefore did not indicate that the agency fraudulently induced him to sign the parties' March 2001 settlement agreement. *Id.* at 3 n.2.

¶4      Two months after the Board dismissed his petition for review as untimely filed without good cause shown, the appellant filed the instant petition for enforcement. Compliance File (CF), Tab 1. The appellant essentially argued that the designation "RESIGNATION – ILIA" (in lieu of involuntary action) on the Standard Form 50 (SF-50) form memorializing the personnel action violated the parties' settlement agreement because it indicated that his resignation was involuntary rather than voluntary.[2] *Id.* at 9. The administrative judge informed the appellant, in pertinent part, of his burden of proof on the issue of timeliness and ordered him to file evidence and argument showing that his petition was timely filed or that good cause existed for the delay. CF, Tab 2 at 2-3. In his response, the appellant argued that the agency fraudulently induced him to sign the agreement and violated the required covenant of good faith. CF, Tab 9 at 3.

---

[2] The appellant also asserted nonselection claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301‑4333) and the Veterans Employment Opportunities Act of 1998. CF, Tab 1 at 10-11. The administrative judge noted the docketing of a separate appeal concerning the appellant's nonselection claims, *Gallegos v. Department of Health & Human Services*, MSPB Docket No. DA-4324-15-0444-I-1. CF, Tab 5 at 2 n.2.

As for the timeliness of his petition for enforcement, the appellant only asserted that because fraud was involved, "timeliness is tolled." *Id.*

¶5 After holding a status conference, the administrative judge again ordered the appellant to address the timeliness of his petition for enforcement, specifically requiring him to state whether the agency provided him a copy of the SF-50 involved in the parties' settlement for inspection as required by the settlement agreement, *see* CF, Tab 9 at 5, and if so, when, and to identify the exact date on which he learned of the agency acts of noncompliance with the settlement agreement, CF, Tab 15 at 3-4. In response, the appellant asserted that he "learned Resignation – ILIA meant Involuntary Separation in approximately October to November 2014." CF, Tab 16 at 4. The appellant explained that in October 2014, he "had a suspicion" that the agency breached the settlement agreement, but because he had lost his copy of the settlement agreement years ago, he had to make a March 17, 2015 Freedom of Information Act request to obtain a copy. CF, Tab 24 at 5. He did not specify whether he received a copy of the SF-50 form for inspection as provided under the terms of the parties' agreement. CF, Tab 9 at 5.

¶6 On the written record, the administrative judge found that the appellant failed to establish that his petition for enforcement was timely filed. CF, Tab 33, Compliance Initial Decision (CID) at 6-8. The administrative judge found it undisputed that the appellant received a copy of the SF-50 form designated "RESIGNATION – ILIA" at least 15 years ago, and she found the appellant's petition for enforcement untimely on that basis. CID at 7. The administrative judge also noted that the appellant did not assert that he failed to receive a copy of the settlement agreement when it was executed or that he failed to receive a copy of the SF-50 form for inspection as required by the settlement agreement. *Id.*; *see* CF, Tab 6 at 5. Nevertheless, crediting the appellant's assertion that he discovered the agency's alleged breach of the parties' settlement agreement in October or November 2014, she found that the appellant's petition for

enforcement nevertheless was untimely because he still waited over 6 months, i.e., until June 15, 2015, to file it.[3]  CID at 7‑8.

¶7        In his petition for review, the appellant argues that his petition for enforcement was timely filed because he acted reasonably and with due diligence under the circumstances.  Petition for Review (PFR) File, Tab 1 at 10-14.  He contends that because the agency did not provide him with notice of its compliance, his petition for enforcement is presumed timely and it is the agency's burden to establish otherwise.  *Id.* at 13 (citing *Kasarsky v. Merit Systems Protection Board*, 296 F.3d 1331, 1335 (Fed. Cir. 2002)).  However, if a petition for enforcement is untimely on its face, then the appellant bears the burden to show facts establishing why the petition is not untimely.  *Kasarsky*, 296 F.3d at 1335.

¶8        The appellant is correct that his knowledge of the alleged breach is the triggering event in determining whether a petition for enforcement is timely filed.  *E.g.*, *Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1381 (Fed. Cir. 2004).  He argues that he did not have actual knowledge of the agency's purported breach until April 2015.  PFR File, Tab 1 at 13.  However, as the following discussion indicates, the record in this matter instead shows that the appellant had such knowledge of the agency's alleged breach soon after the execution of the settlement agreement.  In that regard, the agreement required the agency to provide the appellant with a copy of the revised SF-50 form and required him to "notify the agency of any concerns within 15-days of receipt of the form."  CF, Tab 9 at 5.  The administrative judge ordered the appellant to

---

[3] Although the appellant submitted his petition for review of the initial decision that dismissed his appeal as settled on December 16, 2014, the administrative judge observed that the appellant did not raise any allegations in that action regarding the SF‑50 form memorializing his resignation despite the fact that he included the document with his petition for review.  CID at 7-8.  Thus, we agree with the administrative judge that there is no reason to accept the appellant's petition for enforcement as timely filed based on that filing date.

address whether the agency provided him a copy of the SF-50 involved in the parties' settlement for inspection, CF, Tab 15 at 4, but the appellant failed to respond. Nevertheless, based on the appellant's own assertion that he had been using it for 15 years, the administrative judge found it undisputed that the appellant had the SF-50 in his possession 15 years ago, CID at 7; *see* CF, Tab 18 at 3, Tab 10 at 4, and the appellant does not challenge that finding on review. Similarly, the appellant has never claimed that he did not receive a copy of the settlement agreement when the parties executed it. CID at 7. Instead, as noted above, the appellant claimed that he lost his copy of the settlement agreement, requiring him to make a March 2015 request to get a new one, and that only after comparing that copy of the settlement agreement to the SF-50 did he learn of the alleged breach. CF, Tab 24 at 5.

¶9　　　To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). We find the appellant's failure to maintain a copy of the parties' settlement agreement, as well as his apparent failure to compare the SF‑50 with the settlement agreement at the time he received the documents to be less than diligent. Moreover, given our finding that the appellant, who was represented by an attorney in the appeal that produced the settlement agreement, had all the documents in his possession at the time of the alleged breach in 2001, we agree with the administrative judge that the appellant failed to show due diligence or ordinary prudence under the circumstances or that he had good cause for the untimely filing of his 2015 petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.